EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| Cynthia A. López Pérez | 2018 TSPR 166 |
| | 201 DPR ____ |

Número del Caso: TS-15,479


Fecha: 12 de septiembre de 2018


Abogado de la promovida

        Por derecho propio.


Oficina de Inspección de Notarías

        Lcdo. Manuel Ávila De Jesús
        Director


Materia: La suspensión será efectiva el 9 de octubre de 2018, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Cynthia A. López Pérez | TS-15,479 |  |

PER CURIAM

San Juan, Puerto Rico, a 12 de septiembre de 2018.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos de la Oficina de Inspección de Notarías (ODIN). Por ello, decretamos la suspensión inmediata e indefinida de la Lcda. Cynthia A. López Pérez (licenciada López Pérez) de la práctica de la abogacía y la notaría.[1]

---

[1]La Lcda. Cynthia A. López Pérez (licenciada López Pérez) fue admitida a la abogacía el 23 de agosto de 2005 y juramentó como notaria el 12 de julio de 2006.

I

El 5 de marzo de 2018, el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante nos un informe especial, en el que solicitó la suspensión del ejercicio de la notaría y con ello la incautación de la obra protocolar de la licenciada López Pérez por las serias deficiencias que no habían sido subsanadas. Así, explicó que ante la notificación de la letrada en cuanto a su deseo de renunciar al ejercicio de la notaría en el año 2015, ésta entregó su obra protocolar para ser inspeccionada. Añadió que, tras la inspección de la ODIN, quedaron por aprobarse los tomos de protocolos correspondientes a los años 2007, 2013, 2014 y los dos Volúmenes del Libro de Registro de Testimonios. Aun cuando se le brindaron múltiples oportunidades para subsanar las deficiencias en la obra protocolar,[2] la licenciada López Pérez hizo caso omiso a los requerimientos de la ODIN. Tampoco entregó los dos Volúmenes del Libro de Registro de Testimonios ni su sello notarial.

Ante ese cuadro, el 27 de abril de 2018, le concedimos a la licenciada López Pérez un término de diez días para mostrar causa por la cual no debía ser

---

[2]Entre las deficiencias a ser subsanadas estaban las siguientes: un instrumento público de liquidación de una sociedad legal de gananciales sin que el matrimonio se encontrara legalmente divorciado; la omisión de un Poder en un acto de Protocolización y; la ausencia de un instrumento público en un protocolo.

suspendida inmediata e indefinidamente del ejercicio de la notaría, a lo cual se le añadió la advertencia de que su incumplimiento podría conllevar, además, la suspensión de la abogacía. De igual modo, se le ordenó subsanar las deficiencias en su obra notarial en el término de sesenta días y la incautación inmediata de su sello y obra notarial.

Al diligenciar la notificación personal de la mencionada orden, no se logró comunicación con la licenciada López Pérez. Ello, pues no se encontraba en la dirección residencial que proveyó en el Registro Único de Abogados y Abogadas (RUA). Al pasar los días, los alguaciles lograron comunicación con una de las hijas de la licenciada López Pérez, la cual les informó que su madre se encontraba residiendo en Rhode Island, donde recibía tratamiento médico para su pérdida de memoria. A su vez, la hija entregó el sello notarial de su madre y notificó la entrega de la obra notarial a la ODIN.

Posteriormente, el 25 de mayo de 2018, emitimos una resolución en la que le concedimos un término a la ODIN para que confirmara la entrega de toda la obra protocolar y el sello notarial. Igualmente, le concedimos a la licenciada López Pérez un término de diez días para que acreditara su alegada incapacidad mental o mostrase causa por la que no debía ser suspendida del ejercicio de la abogacía. Además, le ordenamos subsanar las deficiencias en su obra notarial en el término de sesenta días. Esta

última resolución le fue notificada a la letrada tanto a su correo electrónico como a la dirección postal que consta en el RUA.

En cumplimiento con lo ordenado, el Director de la ODIN nos informó que la licenciada López Pérez, en efecto, entregó su sello notarial y el Libro de Registro de Testimonios por conducto de su hija. Ahora bien, indicó que no se podía certificar la entrega de la totalidad de la obra protocolar, dado que la licenciada López Pérez no había presentado sus Informes de Actividad Notarial Mensual desde el año 2015, al igual, que los Informes Estadísticos de Actividad Notarial Anual de los años 2012 al 2017. Además, resaltó que permanecían extraviados varios instrumentos públicos autorizados en el año 2014. Basado en ello, el Director de la ODIN nos solicitó la suspensión inmediata e indefinida de la notaría. A su vez, peticionó que, en un término final e improrrogable de treinta días, le ordenáramos a la licenciada López Pérez subsanar la obra notarial; presentar los Informes adeudados; y hacer entrega de cualquier obra notarial formada para los años 2016, 2017 y 2018.

Por su parte, la licenciada López Pérez no cumplió con lo ordenado por este Tribunal.

## II

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que

constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re Canales Pacheco*, res. el 10 de mayo de 2018, 2018 TSPR 100. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua. *In re Arocho Cruz*, res. el 22 de mayo de 2018, 2018 TSPR 97.

En cuanto a la función notarial, hemos expresado que todo notario tiene el deber de subsanar con premura toda falta señalada por la ODIN. *In re Amiama Laguardia*, 196 DPR 844, 847 (2016). Por ello, tratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9. Íd., pág. 848. De este modo, hemos sido enfáticos en que desatender los requerimientos de la ODIN constituye un serio desafío a la autoridad de los tribunales. *In re Medina Torres*, res. el 22 de junio de 2018, 2018 TSPR 123; *In re López Castro*, 197 DPR 819, 826 (2017).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la licenciada López Pérez.

### III

Acorde con los hechos fácticos expuestos, la licenciada López Pérez incumplió las órdenes de este Tribunal tanto de comparecer como de subsanar las deficiencias en su obra notarial. Específicamente, en dos ocasiones le ordenamos mostrar causa por la que no debía ser suspendida de la profesión legal y, a su vez, se le ordenó subsanar las deficiencias señaladas por la ODIN. Todo ello, aun cuando fue debidamente advertida de las posibles consecuencias de su inacción. De igual modo, ignoró los requerimientos de la ODIN, a pesar de las múltiples oportunidades brindadas para ello.

Debemos destacar que es responsabilidad de los abogados y abogadas mantener al día su información en el RUA. De ese modo, las notificaciones oficiales tanto de este Tribunal como las de la ODIN se dirigieron a la única dirección postal/residencial que aparece en el RUA de la licenciada López Pérez, al igual que a su correo electrónico.[3]

El incumplimiento de la licenciada López Pérez a nuestras órdenes y a los requerimientos de la ODIN viola el Canon 9 del Código de Ética Profesional, *supra,* y es

---

[3]Advertimos que las alegaciones de la hija de la letrada dadas a los alguaciles y al personal de la Oficina de Inspección de Notarías (ODIN) sobre la incapacidad mental de su madre no han sido acreditadas y que el incumplimiento con sus deberes como notaria data desde el 2013, toda vez que no ha rendido los informes anuales de actividad notarial del 2012 al 2017.

muestra de que la letrada no debe estar activa en la profesión que regulamos. Por tal motivo, nos vemos obligados a suspender a la licenciada López Pérez inmediata e indefinidamente de la práctica de la abogacía y la notaría.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Cynthia A. López Pérez del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la restante obra notarial de la Sra. Cynthia A. López Pérez y entregarla al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. A su vez, en virtud de esta suspensión inmediata e indefinida del

ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente y por correo electrónico esta Opinión *Per Curiam* y Sentencia a la Sra. Cynthia A. López Pérez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Cynthia A. López Pérez                    TS-15,479

SENTENCIA

San Juan, Puerto Rico, 12 de septiembre de 2018.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente a la Lcda. Cynthia A. López Pérez del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la restante obra notarial de la Sra. Cynthia A. López Pérez y entregarla al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. A su vez, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente y por correo electrónico esta Opinión *Per Curiam* y Sentencia a la Sra. Cynthia A. López Pérez.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo