EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 93 |
| Xavier Alers Morales | 202 DPR _____ |

Número del Caso: TS-16,184

Fecha: 6 de mayo de 2019

Programa de Educación Jurídica Continua:

Lcda. María Cecilia Molinelli González
Directora Ejecutiva

Materia: La suspensión será efectiva el 15 de mayo de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Xavier Alers Morales | TS-16,184 | Conducta Profesional |

PER CURIAM

En San Juan, Puerto Rico, a 6 de mayo de 2019.

Nos vemos compelidos una vez más a ejercer nuestra jurisdicción disciplinaria para decretar la suspensión inmediata e indefinida del Lcdo. Xavier Alers Morales (el "licenciado Alers Morales") del ejercicio de la profesión legal, por violar los Cánones 2 y 9 del Código de Ética Profesional, 4 LPRA Ap. IX, CC. 2 & 9, al desatender los requerimientos del Programa de Educación Jurídica Continua ("PEJC") y las órdenes dictadas por este Tribunal.

I

El licenciado Alers Morales fue admitido al ejercicio de la abogacía el 26 de enero de 2007 y a la práctica de la notaría el 12 de abril de 2017. El 13 de diciembre de 2018, la Lcda. María Cecilia Molinelli González, Directora Ejecutiva del PEJC, nos presentó un informe en el que aseveraba que el licenciado Alers Morales no había completado las horas crédito de educación jurídica continua para el

período del 1 de marzo de 2011 al 31 de abril de 2013.[1] Relató que el 23 de mayo de 2013 se le cursó al licenciado Alers Morales un aviso de incumplimiento concediéndole un período de sesenta (60) días para subsanar la deficiencia señalada y efectuar el pago correspondiente de la multa por cumplimiento tardío impuesta bajo la Regla 30(C) del Reglamento del PEJC. Transcurrido un período prudente sin que el letrado completara los requisitos reglamentarios, se le citó a una vista informal ante el PEJC. Se le advirtió al letrado que podría comparecer personalmente o por escrito, siempre que ello se hiciera dentro del término de diez (10) días a partir de la notificación de la citación. Éste último, sin embargo, no acudió a la vista ni presentó escrito alguno.

Así las cosas, se le notificó al licenciado Alers Morales el informe preparado por el oficial examinador, así como la determinación de la Directora Ejecutiva del PEJC en torno a la vista. Se le advirtió que, de no subsanar la insuficiencia de horas crédito y efectuar el pago de la multa antes señalada dentro de un plazo de treinta (30) días, el asunto sería presentado ante la Junta de Educación Jurídica Continua para que ésta determinara el curso de acción apropiado. Se le apercibió, además, que de referirnos este asunto por haber incumplido con los requisitos reglamentarios para el período en cuestión, se nos informaría

---

[1] Del expediente judicial surge que el licenciado Alers Morales adeudaba un total de 19.5 horas crédito para satisfacer el requisito reglamentario de educación jurídica continua para este período.

de otros períodos posteriores igualmente incumplidos. Una vez más, el letrado optó por no tomar los cursos exigidos ni pagar la multa dentro del plazo concedido, por lo que se remitió este asunto ante nuestra consideración. En su comparecencia, la Directora Ejecutiva del PEJC nos alertó que el licenciado Alers Morales tampoco cumplió con las horas crédito para los períodos 2013-2015 y 2015-2018 y tampoco efectuó el pago de las multas por cumplimiento tardío correspondiente a esos ciclos.

Habiendo examinado la comparecencia del PEJC, dictamos una Resolución en la cual le otorgamos al licenciado Alers Morales un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión jurídica por incumplir con los requisitos de educación jurídica continua y no comparecer ante el PEJC cuando le fue requerido. Debido a que el licenciado no atendió nuestra orden, emitimos una segunda Resolución, con fecha de 22 de febrero de 2019, concediéndole un término final de diez (10) días con el mismo propósito, apercibiéndole que podría ser suspendido de la profesión. Sin embargo, el licenciado Alers Morales también hizo caso omiso a dicho requerimiento.

II

Nuestro poder inherente para regular la profesión legal conlleva el deber de velar porque los abogados admitidos a este Foro desempeñen su honroso ministerio de forma

"responsable, competente y diligente". *In re Nazario Díaz*, 195 DPR 623, 634 (2016), citando a *In re Castillo Del Valle*, 191 DPR 633, 639 (2014). Sobre el particular, hemos precisado que el Código de Ética Profesional, 4 LPRA Ap. IX, "establece las normas mínimas de conducta que debe exhibir todo miembro de la abogacía" en nuestra jurisdicción. *In re Pagán Díaz*, 198 DPR 398, 406 (2017), citando a *In re González Acevedo*, 197 DPR 360, 365 (2017). Su fin, hemos indicado, es promover un desempeño "de acuerdo con los más altos principios de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia del país". *In re Pestaña Segovia*, 192 DPR 485, 493 (2015), citando a *In re Soto Charraire*, 186 DPR 1019, 1027 (2012).

Como parte de estos principios, el Canon 2 del Código de Ética Profesional le impone a todo abogado la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX, C. 2. En vista de lo anterior, y al amparo de nuestro poder constitucional para reglamentar la profesión, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho". *In re Aprobación del Reglamento del PEJC*, 198 DPR 254, 259 (2017). Como parte de este programa, los togados deben completar veinticuatro (24)

horas crédito de educación jurídica continua en cada período de tres años.[2] Así, un letrado que incumpla con las horas crédito de educación jurídica continua "refleja una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2 del Código de Ética Profesional". *In re Rodríguez Gerena*, 2017 TSPR 40, 197 DPR Ap. (2017).

De otra parte, los abogados admitidos al ejercicio de la profesión jurídica vienen llamados a "respetar, acatar y responder diligentemente nuestras órdenes". *In re Santaliz Martell*, 194 DPR 911, 914 (2016), citando a *In re Rodríguez Zayas*, 194 DPR 337, 341 (2015). Este deber está preceptuado en el Canon 9 del Código de Ética Profesional, el cual dispone, en lo pertinente, que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. Por lo tanto, una actitud displicente para con nuestras órdenes viola este Canon en la medida que "constituye un serio agravio a la autoridad de los tribunales". *In re Pacheco Pacheco*, 192 DPR 553, 560 (2015). Por lo tanto, procede suspender inmediata e indefinidamente de la práctica de la profesión jurídica a cualquier letrado que ignore nuestros requerimientos, así como los de aquellas entidades a las que hemos delegado

---

[2] Previo a la aprobación del Reglamento vigente, los abogados del país venían obligado a cumplir con los requisitos del antiguo Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, y del también derogado Reglamento del PEJC, 4 LPRA Ap. XVII-E. De igual manera, cabe señalar que previo a las enmiendas introducidas por la Resolución ER-2015-03, In re Enmdas. R. Educ. Jur. Cont., 193 DPR 233 (2015), el período para completar las horas crédito requeridas era de dos años.

expresamente una función reguladora de la profesión, incluyendo el PEJC, la Oficina del Procurador General y la Oficina de Inspección de Notarías. *In re Davis Pérez*, 2017 TSPR 180, 198 DPR Ap. (2017), citando a *In re Montañez Melecio*, 2017 TSPR 15, 197 DPR Ap. (2017).

III

De la comparecencia del PEJC surge claramente que éste le concedió varias oportunidades al licenciado Alers Morales para que cumpliera con los requisitos reglamentarios de educación jurídica continua para el período en cuestión. Sin embargo, éste último no atendió los requerimientos del PEJC de manera diligente, a pesar de que se le advirtiera sobre las posibles consecuencias de su incumplimiento. Este proceder desdeñoso es una violación ética sancionable bajo los Cánones 2 y 9 del Código de Ética Profesional, 4 LPRA Ap. IX, CC. 2 & 9. Nuestro pueblo tiene derecho a que sus instituciones de justicia, y los profesionales del Derecho que vienen llamados a custodiarlas, estén libres de esta ola de frivolidad y falta de estilo que mancilla nuestra cultura.

Además, este Foro dictó dos Resoluciones concediéndole término al licenciado Alers Morales para que mostrara causa por la cual no debía ser suspendido de la profesión jurídica por su proceder durante el trámite administrativo ante el PEJC. La última de ellas fue diligenciada personalmente a través de la Oficina del Alguacil General de este Tribunal. No obstante, el licenciado Alers Morales también hizo caso

omiso a tales órdenes. No debe formar parte de nuestra profesión quien ultraja la dignidad de nuestros tribunales, razón por la que decretamos su suspensión inmediata e indefinida del ejercicio de la profesión.

IV

En mérito de lo antes expuesto, decretamos la suspensión inmediata e indefinida del licenciado Alers Morales del ejercicio de la abogacía y la notaría en esta jurisdicción. Asimismo, la fianza que garantiza las funciones notariales del señor Alers Morales queda automáticamente cancelada. Sin embargo, ésta se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Alers Morales durante el período en que la misma estuvo vigente.

El señor Alers Morales tiene el deber ético de notificar a todos sus clientes acerca de su inhabilidad para continuar representándoles, así como de devolverles los expedientes de sus casos pendientes y los honorarios recibidos por trabajos no rendidos. Además, éste deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos del país en los que tenga algún asunto pendiente. El señor Alers Morales deberá acreditar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia. No hacerlo podría implicar que no se le reinstale en el ejercicio de la profesión de éste solicitarlo en el futuro.

Del mismo modo, de ser solicitada la reinstalación, habremos de considerar si el señor Alers Morales cumplió fielmente con los requisitos reglamentarios del PEJC y si satisfizo, de ser requerido, el pago de las multas correspondientes por cumplimiento tardío.

A su vez, se le ordena al Alguacil General de este Tribunal incautar la obra protocolar y el sello notarial del señor Alers Morales y entregarlos al Director de la Oficina de Inspección de Notarías para los trámites de rigor correspondientes.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2018-16 (Queja Núm. AB-2017-244) hasta tanto dispongamos otra cosa.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Alers Morales.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | TS-16,184 | | Conducta Profesional |
|---|---|---|---|---|
| Xavier Alers Morales | | | | |

SENTENCIA

En San Juan, Puerto Rico, a 6 de mayo de 2019.

Por los fundamentos contenidos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de esta Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Xavier Alers Morales del ejercicio de la abogacía y la notaría en Puerto Rico.

El señor Alers Morales tiene el deber ético de notificar a todos sus clientes acerca de su inhabilidad para continuar representándoles, así como de devolverles los expedientes de sus casos pendientes y los honorarios recibidos por trabajos no rendidos. Asimismo, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. El señor Alers Morales deberá acreditar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta (30) días desde la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera implicar que no se le reinstale en el ejercicio de la profesión jurídica de éste solicitarlo en el futuro. Del mismo modo, en la eventualidad de que el señor Alers Morales solicite su reinstalación, habremos de tomar en cuenta si éste cumplió cabalmente con los requisitos del Programa de Educación Jurídica Continua y si satisfizo, de ser requerido, el pago de las multas correspondientes por cumplimiento tardío.

A su vez, se le ordena al Alguacil General de este Tribunal a incautar la obra protocolar y el sello notarial del señor Alers Morales y entregarlos al Director de la Oficina de Inspección de Notarías para los trámites correspondientes.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2018-16 (Queja Núm. AB-2017-244) hasta tanto dispongamos otra cosa.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Xavier Alers Morales.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo