EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Xavier Alers Morales | 2020 TSPR 61<br><br>204 DPR \_\_\_\_\_ |

Número del Caso:  TS-16,184


Fecha:  20 de julio de 2020


Lcdo. Xavier Alers Morales:

    Por derecho propio


Oficina de Inspección de Notarías:

    Lcda. Nilda Emmanuelli Muñiz
    Directora Interina


Materia:  La suspensión será efectiva el 23 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Xavier Alers Morales                    TS-16,184

*PER CURIAM*

En San Juan, Puerto Rico, a 20 de julio de 2020.

Una vez más nos vemos obligados a decretar la suspensión de un miembro de la profesión legal por su incomparecencia y por su incumplimiento reiterado con las órdenes de este Tribunal. En consideración a la conducta que reseñamos a continuación, suspendemos inmediata e indefinidamente al Lcdo. Xavier Alers Morales del ejercicio de la abogacía y lo referimos a un procedimiento de desacato civil.

I.

El licenciado Alers Morales fue admitido al ejercicio de la abogacía el 26 de enero de 2007 y a la práctica de la notaría el 12 de abril de 2017. Mediante Opinión *Per Curiam* y Sentencia del 6 de mayo de 2019

decretamos su suspensión inmediata del ejercicio de la abogacía y la notaría por incumplir con los requerimientos del Programa de Educación Jurídica Continua (PEJC).[1] Una vez el abogado demostró que participó de los cursos acreditativos, el 11 de julio de 2019 lo reinstalamos al ejercicio de la **abogacía únicamente**.[2]

Debido a que lo suspendimos de la notaría, se incautó y se examinó su obra notarial. El 11 de junio de 2019 el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila de Jesús, presentó ante este Tribunal un *Informe sobre Estado de Obra Notarial Incautada* (Informe) en el que detalló las deficiencias sustantivas y arancelarias de la obra notarial del notario que identificó el Inspector asignado al caso.

De acuerdo con la recomendación del Informe, el 15 de julio de 2019 emitimos una Resolución en la que concedimos al licenciado Alers Morales un **término de sesenta (60) días** para que entregara la obra protocolar no incautada o, en la alternativa, encaminara el proceso de reconstrucción y subsanara las deficiencias arancelarias. Le ordenamos además que, en el mismo término, entregara los Informes Notariales adeudados a la ODIN y presentara evidencia acreditativa de la fianza notarial.

En vista de que el abogado no compareció en el término provisto, la ODIN presentó ante nos una *Moción notificando*

---

[1] *In re Xavier Alers Morales*, 2019 TSPR 93, 202 DPR ___ (2019).
[2] *In re: Xavier Alers Morales*, 2019 TSPR 135, 202 DPR ___ (2019).

*incumplimiento de orden y en solicitud de remedios*. Informó que el letrado no se había comunicado con los funcionarios de la ODIN ni había atendido los señalamientos sobre su obra notarial. Solicitó que le concediéramos al licenciado Alers Morales un término final e improrrogable de treinta (30) días para cumplir con la Resolución que dictamos el 15 de julio de 2019.

Considerada la solicitud de la ODIN, el 26 de septiembre de 2019 emitimos una segunda Resolución en la cual se le concedió al licenciado un **término final e improrrogable de treinta (30) días** para cumplir con lo que se le ordenó en la Resolución de 15 de julio de 2019. Se le apercibió que incumplir con lo requerido podría conllevar sanciones como ser referido a un procedimiento de desacato e incluso la suspensión de la profesión de la abogacía.

Transcurrido el término concedido, el licenciado Xavier Alers no compareció. El 4 de noviembre de 2019, la ODIN presentó por segunda vez una moción para informar el incumplimiento del abogado y que este no había comparecido para comenzar el proceso de subsanación de su obra notarial. Solicitó que lo refiriéramos a un procedimiento de desacato ante el Tribunal de Primera Instancia por incumplir con nuestras órdenes. Además, nos pidió que evaluáramos si procedía suspenderlo del ejercicio de la abogacía.

A pesar de la recomendación de la ODIN, el 22 de noviembre de 2019 le concedimos nuevamente al abogado un **término final e improrrogable de treinta (30) días** para: (1)

encaminar el proceso de subsanación; (2) subsanar las deficiencias arancelarias; (3) acreditar el pago de la fianza notarial, y (4) entregar la obra protocolar no incautada. También se le ordenó que mostrara causa por la cual no se le debía referir a un proceso de desacato y suspender del ejercicio de la abogacía.

Una vez venció el plazo final que le concedimos para cumplir con nuestras órdenes, la ODIN compareció e informó que el licenciado Alers Morales aún no había cumplido con lo que se le ordenó. Indicó que, a pesar de la gestión realizada por los Alguaciles del Tribunal Supremo, no se pudo incautar o el abogado no entregó: (1) un instrumento público que autorizó en el año 2015, (2) diez instrumentos públicos que autorizó en el año 2016, (3) tres instrumentos públicos que autorizó en el año 2017 y (4) los instrumentos públicos que autorizó el notario luego del mes de septiembre del año 2018. El abogado tampoco hizo entrega del Libro de Registro de Testimonios, el cual debe contener los asientos número 1 al número 1468. La ODIN nos reiteró que, debido a que el abogado adeuda los Informes de Actividad Notarial Mensual correspondientes, desconoce la obra protocolar y testimonios que autorizó durante el periodo de septiembre de 2018 a mayo de 2019. Además, informó que para el 25 de diciembre de 2019 el licenciado Alers Morales no se había comunicado con los funcionarios de la ODIN ni había hecho gestión alguna para atender los señalamientos de su obra notarial. Por todo lo cual, recomendó que refiramos el asunto a un procedimiento

de desacato por el incumplimiento con las órdenes del 15 de julio de 2019, el 26 de septiembre de 2019 y el 22 de noviembre de 2019. Asimismo, nos exhortó a que evaluemos si procede su suspensión inmediata del ejercicio de la abogacía.

II.

El Canon 9 de Ética Profesional, 4 LPRA Ap. IX C. 9, exige que la conducta de todo abogado y abogada hacia los tribunales se caracterice por el mayor respeto. In re Canales Pacheco, 200 DPR 228, 232 (2018); In re Cruz Liciaga, 198 DPR 828 (2017); In re Chardón Dubós, 191 DPR 201 (2014); In re Martínez Romero, 188 DPR 511 (2013). De esta disposición surge la obligación de los miembros de la profesión legal de responder oportuna y diligentemente a los requerimientos de este Tribunal. In re Canales Pacheco, supra; In re Chardón Dubós, supra. Consistentemente, hemos reiterado que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión por violación al Canon 9 de Ética Profesional, pues demuestra indiferencia a nuestros apercibimientos. In re Canales Pacheco, supra; In re Chardón Dubós, supra; In re Martínez Romero, supra.

La obligación que establece el Canon 9 de responder a nuestros requerimientos se extiende a las exigencias de otras entidades que intervienen en el proceso disciplinario, tales como la ODIN. In re Canales Pacheco, supra; In re Cruz Liciaga, supra; In re Salas González, 193 DPR 387, 393

(2015). Por lo tanto, el abogado o abogada que desatienda las órdenes de este Tribunal, así como los requerimientos de la ODIN viola el Canon 9. In re López Castro, 197 DPR 819, 826-827 (2017). Así pues, ignorar nuestras órdenes o los requerimientos de la ODIN puede ser motivo para suspender al abogado o abogada del ejercicio de la profesión. In re Canales Pacheco, supra; In re Chardón Dubós, supra; In re Martínez Romero, supra; In re López Castro, supra.

### III.

Según el trámite procesal expuesto, el licenciado Alers Morales incumplió con lo ordenado en **tres** resoluciones que emitió este foro. Al día de hoy este no ha subsanado su obra, no ha entregado los instrumentos públicos que no se pudieron incautar, no ha entregado los índices mensuales que adeuda ni ha acreditado que obtuvo una fianza notarial. Tampoco ha comparecido para explicar o excusar su incumplimiento.

Durante aproximadamente siete meses el licenciado Alers Morales no compareció ante este foro a pesar de las tres órdenes que se emitieron para que cumpliera con lo requerido. Dichas órdenes no se acataron oportunamente, aun cuando (1) se le apercibió que su incumplimiento podría llevar nuevamente su suspensión de la profesión de la abogacía y (2) se le instruyó que mostrara causa por la cual no debía ser referido a un procedimiento de desacato. El licenciado Alers Morales violó el Canon 9, supra, al incumplir con las

órdenes y los términos que le concedió este Tribunal para corregir las deficiencias de su obra notarial.[3]

En síntesis, el comportamiento descrito anteriormente demuestra la desatención del abogado con los requerimientos de la ODIN y su deber de tener su obra notarial al día, así como que hizo caso omiso a nuestras órdenes en repetidas ocasiones. Lo anterior, a pesar de que se le dieron varias oportunidades para cumplir. Demostró una conducta contraria a los principios éticos del Código de Ética Profesional, supra. Por lo tanto, nos vemos obligados a decretar la suspensión inmediata e indefinida del licenciado Alers Morales del ejercicio de la abogacía. Asimismo, se le refiere a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por consiguiente, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles inmediatamente los expedientes de sus casos, así como cualesquiera honorarios recibidos por trabajos no realizados. Además, deberá informar oportunamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a

---

[3] Cabe mencionar que los señalamientos sustantivos en la obra protocolar del notario surgen a raíz de que varios protocolos están sin encuadernar y sin nota de apertura o de cierre. Además, hay instrumentos públicos que carecen de firma e iniciales de los otorgantes y/o de firma, sello o rúbrica del notario. Adicionalmente, la ODIN estimó preliminarmente que la deuda arancelaria del notario asciende a $610.50.

partir de la notificación de esta opinión *per curiam* y sentencia. Adviértase que el incumplimiento con esta orden se tomará en consideración al momento de solicitar reinstalación al ejercicio de la profesión.

Se le apercibe al señor Alers Morales que esta acción disciplinaria no lo exime de corregir las faltas señaladas por la ODIN en su obra notarial, así como la presentación de los índices mensuales y el Libro de Registro de Testimonios que contiene la obra notarial no incautada.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2018-0016 (Queja Núm. AB-2017-244) y las Quejas Núm. AB-2019-172, AB-2019-177, AB-2019-126, AB-2019-159, AB-2019-218, AB-2019-239 y AB-2020-11 hasta tanto dispongamos otra cosa.

Notifíquese esta Opinión *Per Curiam* y Sentencia al licenciado Alers Morales mediante correo electrónico y por teléfono.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                                    TS-16,184

Xavier Alers Morales

SENTENCIA

En San Juan, Puerto Rico, a 20 de julio de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del licenciado Alers Morales del ejercicio de la abogacía. Asimismo, se le refiere a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por consiguiente, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles inmediatamente los expedientes de sus casos, así como cualesquiera honorarios recibidos por trabajos no realizados. Además, deberá informar oportunamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *per curiam* y sentencia. Adviértase que el incumplimiento con esta orden se tomará en consideración al momento de solicitar reinstalación al ejercicio de la profesión.

Se le apercibe al señor Alers Morales que esta acción disciplinaria no lo exime de corregir las faltas

señaladas por la ODIN en su obra notarial, así como la presentación de los índices mensuales y el Libro de Registro de Testimonios que contiene la obra notarial no incautada.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2018-0016 (Queja Núm. AB-2017-244) y las Quejas Núm. AB-2019-172, AB-2019-177, AB-2019-126, AB-2019-159, AB-2019-218, AB-2019-239 y AB-2020-11 hasta tanto dispongamos otra cosa.

Notifíquese esta Opinión *Per Curiam* y Sentencia al licenciado Alers Morales mediante correo electrónico y por teléfono.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo