EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br><br>Gilberto Cuevas Vélez<br>(TS-2,063) | 2023 TSPR 133<br><br>213 DPR ___ |

Número del Caso: AB-2022-0227
                 AB-2023-0006


Fecha:  24 de octubre de 2023


Abogado del Promovido:

     Por derecho propio



Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infringir el Canon 9 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:*<br><br>Gilberto Cuevas Vélez<br>(TS-2,063) | AB-2022-0227<br>AB-2023-0006 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 24 de octubre de 2023.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la abogacía por incumplir con los postulados éticos que, como mínimo, deben guiar la gestión de todo miembro de la profesión legal. En esta ocasión, intervenimos disciplinariamente con el Lcdo. Gilberto Cuevas Vélez por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos más adelante, decretamos la suspensión inmediata e indefinida del letrado de la práctica de la abogacía y la notaría.

Veamos los hechos que motivan nuestra determinación.

I

El Lcdo. Gilberto Cuevas Vélez (licenciado Cuevas Vélez o promovido) fue admitido al ejercicio de la abogacía el 29 de septiembre de 1961 y prestó juramento como notario el 13 de octubre de 1961.

**A. AB-2022-0227**

En lo que hoy nos atañe, **el 20 de octubre de 2022**, el Sr. Juan Antonio Pedraza Flores (promovente o señor Pedraza Flores) presentó una *Queja* identificada con el alfanumérico AB-2022-0227 contra el licenciado Cuevas Vélez, a los fines de requerirle la entrega de una escritura de compraventa.[1] Como parte de sus alegaciones, esbozó que el 2019 el licenciado Cuevas Vélez autorizó la referida escritura a sabiendas de que la propiedad adeudaba $15,000.00 por concepto de contribuciones en el Centro de Recaudación de Ingresos Municipales.

Posteriormente, el 18 de noviembre de 2022, este Tribunal le remitió al licenciado Cuevas Vélez una comunicación a la cual le fue acompañada la *Queja* y se le concedió al letrado un término de diez (10) días para que presentara su contestación. Asimismo, se le apercibió que, de no comparecer en el término provisto, la *Queja* sería referida al Pleno del Tribunal para la correspondiente acción, entre las cuales se incluyen la posible imposición de sanciones disciplinarias más severas, como la suspensión del ejercicio de la profesión.

Ante su reiterada inacción, el 3 de enero de 2023, le remitimos al licenciado Cuevas Vélez una **segunda notificación**. En esa ocasión, se le concedió un término adicional de diez (10) días para que presentara su

---

[1] El promovente acompañó la referida *Queja* con una *Solicitud del (de la) litigante por derecho propio para la notificación* a través de correo electrónico.

contestación a la *Queja* instada. Eventualmente, el 30 de enero de 2023, emitimos una *Resolución* en virtud de la cual le concedimos un **tercer** término de diez (10) días para que mostrara causa por la cual no debiera ser suspendido del ejercicio de la abogacía por incumplir con las órdenes de este Tribunal al no presentar su contestación a la aludida *Queja*. Por último, el 10 de marzo de 2023, le concedimos un término final de diez (10) días para que efectuara su cumplimiento con nuestros requerimientos.

Más adelante, mediante *Resolución* del 28 de abril de 2023, le concedimos al licenciado Cuevas Vélez un término de quince (15) días para que entregara al promovente las escrituras o documentos solicitados y acreditara tal gestión para proceder con el archivo de la queja en su contra. Además, tomamos conocimiento del interés del letrado en retirarse e inactivarse de la práctica de la abogacía. Por tanto, le informamos que este Tribunal atendería ese asunto luego de observar el cumplimiento de lo ordenado. Desafortunadamente, transcurrido el más reciente término concedido sin que el letrado compareciera y acreditara lo requerido, el 15 de junio de 2023, le concedimos un término perentorio de quince (15) días para que acatara las órdenes de este Tribunal. Del mismo modo, le apercibimos que su incumplimiento conllevaría la imposición de sanciones más severas, incluyendo la

suspensión de la profesión legal. Al día de hoy, **el licenciado Cuevas Vélez no ha comparecido.**

### B. AB-2023-0006

Por otro lado, **el 12 de enero de 2023**, la Sra. Luz Damaris Pacheco Fernández (señora Pacheco Fernández) presentó una *Queja* contra el licenciado Cuevas Vélez identificada con el alfanumérico AB-2023-0006, con el propósito de que éste le entregara unos documentos relacionados a los trámites de una herencia.[2] Adujo, que ya había pagado por los servicios legales y que llevaba más de cuatro (4) años tratando de finiquitar este asunto. En esa dirección, expuso que le escribió una carta al letrado, pero este cerró su oficina. Así las cosas, expresó que en múltiples ocasiones intentó comunicarse con la secretaria del licenciado Cuevas Vélez, gestiones que resultaron infructuosas. Por consiguiente, el 6 de febrero de 2023, le concedimos un término de diez (10) días para que sometiera su contestación a esa *Queja*.

Más adelante, el 10 de marzo de 2023, emitimos una **segunda notificación** en virtud de la cual le apercibimos de las severas consecuencias de no cumplir con lo ordenado. Sin embargo, **el letrado no compareció.** No fue hasta el 29 de marzo de 2023 que el licenciado Cuevas Vélez presentó su *Contestación a Querella*. En esencia, afirmó que en efecto la promovente había contratado sus

---

[2] La promovente acompañó la referida *Queja* con una *Solicitud del (de la) litigante por derecho propio para la notificación a través de correo electrónico*.

servicios para la otorgación de una escritura sobre cesión de derechos hereditarios. En ese sentido, expuso que finalmente citó a los herederos que se encontraban contestes en firmar la aludida escritura. Cónsono con lo anterior, adujo que como parte de los servicios prestados éste no se obligó a presentar la escritura en el Registro Inmobiliario Digital. Asimismo, señaló que la señora Pacheco Fernández no asistió a las citas programadas para la entrega de la referida escritura. Por último, expuso que su condición de salud lo llevó a permanecer en su hogar y cerrar su oficina.

Examinada la *Contestación a la Queja*, el 28 de abril de 2023, emitimos una *Resolución* en virtud de la cual le aclaramos al licenciado Cuevas Vélez que la referida contestación correspondía a la *Queja* **AB-2023-0006 y no a la AB-2022-0006 como erróneamente identificó el letrado.** En segundo plano, le ordenamos que entregara a la señora Pacheco Fernández, dentro de un término de quince (15) días, copia de las escrituras solicitadas y que acreditara tal gestión. Así pues, ante el reiterado incumplimiento con las órdenes de este Tribunal, el 15 de junio de 2023, le otorgamos al licenciado Cuevas Vélez un término perentorio de quince (15) días para que cumpliera con nuestra orden del 28 de abril de 2023. Al igual que en el pasado, le apercibimos que su desidia podría conllevar la imposición de sanciones severas, incluyendo la suspensión

de la profesión legal. **Al día de hoy, el letrado no ha comparecido.**

## II

A partir del juramento que presta cada abogado al momento de ser admitido al ejercicio de la profesión de la abogacía, este se compromete a fijar su conducta íntimamente a las normas establecidas en el Código de Ética Profesional, *supra*. En ese sentido, su propósito como cuerpo rector y disciplinario recae en "promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia".[3] Asimismo, hemos señalado que este deber se hace extensivo "no solo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal".[4]

A la luz de ello, el Canon 9 del referido Código, *supra*, establece la conducta que los abogados deben observar ante los tribunales. Particularmente, les impone a los letrados "el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5] Por ello, un abogado que desatiende las órdenes judiciales y demuestra una actitud de indiferencia hacia nuestros apercibimientos sobre nuestra potestad de ejercer

---

[3] *In re Torres Rivera*, 2022 TSPR 107.
[4] *In re Medina Torres*, 200 DPR 610, 628 (2018).
[5] *In re Torres Rivera*, supra.

nuestra facultad disciplinaria, incurre en causa suficiente para su suspensión inmediata de la práctica de la profesión.[6] De tal modo, que, "estos tienen la obligación de responder con premura y diligencia los requerimientos cursados con relación a una queja por conducta profesional o se exponen a sanciones disciplinarias serias".[7] Ciertamente, la actitud de indiferencia a la autoridad de este Tribunal no puede ser tomada livianamente.

## III

El caso ante nuestra consideración devela un patrón de falta de respeto y desidia hacia las órdenes de este Tribunal. Al examinar el expediente de autos se desprende que el licenciado Cuevas Vélez se ha caracterizado por incumplir con nuestras órdenes en múltiples instancias aun cuando en ambas *Quejas*, se le concedieron reiteradas oportunidades para que compareciera ante nos y acreditara el cumplimiento con lo ordenado. Sin embargo, el letrado optó por ignorar nuestros requerimientos a pesar de nuestras consideraciones para que continuase ejerciendo la profesión de la abogacía y notaría. Además, como si no hubiese sido suficiente la suspensión indefinida de la profesión de la abogacía y notaría que promulgamos en el pasado, este insiste en continuar con su conducta irrespetuosa y distanciada de los más básicos postulados

---

[6] *Íd.*
[7] *In re Medina Torres*, supra.

éticos.[8] **Evidentemente, su desatención e indiferencia nos fuerzan a separarlo de este oficio al quebrantar el Canon 9 del Código de Ética Profesional**, *supra*. **Por tanto, decretamos la suspensión indefinida de la profesión de la abogacía y notaría del Lcdo. Gilberto Cuevas Vélez.**

**IV**

Por los fundamentos previamente expuestos en esta *Opinión Per Curiam*, se decreta la suspensión inmediata e indefinida del Lcdo. Gilberto Cuevas Vélez del ejercicio de la abogacía y notaría, por su craso incumplimiento con las órdenes de este Tribunal.

A la luz de lo anterior, le imponemos al letrado el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y

---

[8] Véase, *Opinión Per Curiam* emitida el 30 de mayo de 2002, *In re Cuevas Vélez*, 157 DPR 129 (2002). Además, cabe resaltar que el letrado ha incumplido con un sinnúmero de órdenes emitidas por este Tribunal dirigidas a que el licenciado Cuevas Vélez cumpla con todos los requerimientos del Programa de Educación Jurídica Continua. En esa dirección, mediante *Resolución* emitida el 12 de mayo de 2022, le otorgamos un término de ciento ochenta (180) días, contado a partir de la correspondiente notificación, para que acreditara el cumplimiento con lo ordenado.

*Sentencia.* No hacerlo, pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Además, le ordenamos al Alguacil de este Tribunal que proceda inmediatamente a incautar el sello y la obra notarial del señor Cuevas Vélez para que esta sea debidamente custodiada e inspeccionada por la Oficina de Inspección de Notarías. Así las cosas, de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq.*, se da por terminada la última fianza otorgada. Así se garantizan las funciones notariales del notario y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por el fiado durante el periodo en que estuvo vigente.

Se le apercibe al señor Cuevas Vélez que deberá entregar los documentos solicitados, incluyendo copias de las escrituras solicitadas por los distintos promoventes. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Consecuentemente, se le ordena a la Secretaría de este Tribunal que notifique esta *Opinión Per Curiam* y *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico

(RUA) al señor Cuevas Vélez y personalmente a través de la Oficina del Alguacil de este Tribunal.

Por otro lado, se le ordena a la Secretaría de este Tribunal que proceda con el archivo administrativo de la *Queja* AB-2023-0171.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Gilberto Cuevas Vélez (TS-2,063) | AB-2022-0227 AB-2023-0006 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de octubre de 2023.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, decretamos la suspensión inmediata e indefinida del Lcdo. Gilberto Cuevas Vélez del ejercicio de la abogacía y notaría, por su craso incumplimiento con las órdenes de este Tribunal.

A la luz de lo anterior, le imponemos al letrado el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo, pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Además, le ordenamos al Alguacil de este Tribunal que proceda inmediatamente a incautar el sello y la obra notarial del señor Cuevas Vélez para que esta sea debidamente custodiada e inspeccionada por la Oficina de Inspección de Notarías. Así las cosas, de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq.*, se da por terminada la última fianza otorgada. Así se garantizan las funciones notariales del notario y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por el fiado durante el periodo en que estuvo vigente.

Se le apercibe al señor Cuevas Vélez que deberá entregar los documentos solicitados, incluyendo copias de las escrituras solicitadas por los distintos promoventes. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Consecuentemente, se le ordena a la Secretaría de este Tribunal que notifique la *Opinión Per Curiam* y esta *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Cuevas Vélez y personalmente a través de la Oficina del Alguacil de este Tribunal.

Por otro lado, se le ordena a la Secretaría de este Tribunal que proceda con el archivo administrativo de la *Queja* AB-2023-0171.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo no intervinieron.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo