EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2017 TSPR 50 |
| María del Carmen López Castro | 197 DPR ____ |

Número del Caso: TS-13,281

Fecha: 4 de abril de 2017

Abogado de la Promovente:

      Lcdo. Víctor Pizarro Figueroa

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Avila de Jesús
      Director

Materia: Conducta Profesional – La suspensión será efectiva el 5 de abril de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María del Carmen López Castro          TS-13,281

PER CURIAM

En San Juan, Puerto Rico, a 4 de abril de 2017.

Nuevamente nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal. Veamos.

I.

La licenciada María del Carmen López Castro fue admitida al ejercicio de la abogacía el 27 de junio de 2000 y al ejercicio de la notaría el 13 de febrero de 2002.

Allá para el 14 de mayo de 2003, mediante Opinión *Per Curiam*, la suspendimos del ejercicio de la abogacía por incumplir con las órdenes de este

Tribunal en relación a una queja presentada en su contra. Tras su solicitud de reinstalación, el 14 de mayo de 2004 fue reinstalada al ejercicio de la abogacía.

Así las cosas, el pasado 30 de junio de 2014, la licenciada Nidia Miranda Graterole, Inspectora de Protocolos y Notarías, rindió el correspondiente informe de inspección de la obra notarial de la licenciada María del C. López Castro. En dicho informe se señalaron ciertas deficiencias, en particular, una deuda arancelaria ascendiente a $61,062.00 en su Libro de Registro de Testimonios en sellos a favor de la Sociedad para la Asistencia Legal, y otra ascendente a $2,464.50 en los Tomos de los Protocolos para los años 2005, 2006, 2008, 2010, 2011, 2012 y 2013. Evaluado el referido informe, la ODIN le concedió a la licenciada López Castro hasta el 26 de septiembre de 2014 para subsanar las deficiencias señaladas.

Así pues, el 24 de septiembre de 2014, la licenciada López Castro le envió una comunicación al Director de la Oficina de Inspección de Notarías (ODIN), en la que informó haber subsanado parcialmente las deficiencias señaladas. Examinada dicha comunicación, la ODIN le concedió un término de tiempo adicional a la licenciada López Castro para que subsanara totalmente las referidas deficiencias. En el mismo acto, reprogramó el proceso de re inspección para el 15 de octubre de 2014.

Celebrado el referido proceso de re inspección, la Inspectora de Protocolos y Notarías, licenciada Miranda Graterole, presentó un informe en el cual detalló que, al momento de llevarse a cabo el mismo, aún subsistía la deficiencia arancelaria en los Libros de Registro de Testimonios. En esta ocasión, por la cantidad de $36,208.00.

En aras de brindarle un término adicional a la licenciada López Castro para que pudiera completar el proceso de subsanación de su obra notarial, la ODIN programó un segundo proceso de re inspección de su obra notarial para el día 30 de octubre de 2014. Sin embargo, el 24 de octubre de 2014, la letrada se comunicó con la ODIN para informarles que aún se encontraba en el proceso de compra de los sellos pendientes, por lo que solicitó una extensión del término antes señalado. Ese mismo día, la ODIN le informó a la licenciada López Castro que su solicitud de extensión de tiempo había sido denegada.

Llegado el día programado para el segundo proceso de re inspección, la licenciada López Castro compareció. No obstante, no había subsanado las deficiencias señaladas, por lo que así se hizo constar en un Informe que la Inspectora de Protocolos y Notarías, licenciada Miranda Graterole, rindió al Director de la ODIN.

Examinado el referido Informe, la ODIN le concedió a la licenciada López Castro un término de quince (15) días calendario para reaccionar al mismo. Oportunamente, la

licenciada López Castro compareció ante la ODIN y notificó, nuevamente, no haber podido subsanar las deficiencias arancelarias. Asimismo, solicitó un término adicional para cumplir con el pago de la deuda.

Así las cosas, y tras este Tribunal recibir el "*Informe Especial Solicitando Incautación de Obra Notarial y Otros Remedios*", remitido por la ODIN, el pasado 10 de febrero de 2015 emitimos una *Resolución* mediante la cual ordenábamos la incautación del sello y la obra notarial de la licenciada López Castro. Además, le requerimos a la letrada que en un término de treinta (30) días subsanara la deficiencia arancelaria notificada por la ODIN. De igual forma, le solicitamos que, en un término de diez (10) días, mostrara causa por la que no debía ser separada del ejercicio de la notaría.

Oportunamente, la licenciada López Castro presentó un "*Escrito en Cumplimiento de Orden y para Mostrar Causa*". En dicha moción, en esencia, la letrada nos informó que, en el año 2008, le robaron sus sellos notariales, lo que impidió la cancelación de los mismos. De igual manera, nos señaló que la ODIN se negó a aceptar su obra notarial, la cual este Tribunal había ordenado incautar. Tras ello, nos solicitó un término adicional de noventa (90) días para subsanar las deficiencias arancelarias señaladas.

Ante este cuadro fáctico, el 25 de marzo de 2015, emitimos una *Resolución* en la que le concedimos a la licenciada López Castro un término de noventa (90) días

para subsanar las deficiencias arancelarias de su obra protocolar. Se le apercibió, además, que su incumplimiento con las órdenes de este Tribunal conllevaría la imposición de serias sanciones disciplinarias.

Luego de varios incidentes procesales no necesarios aquí pormenorizar, el 7 de julio de 2015 la ODIN compareció ante nos mediante una "*Moción Notificando Incumplimiento de Orden y Otros Remedios*". En ésta, nos informó que el término concedido por este Tribunal para que la licenciada López Castro subsanara las deficiencias señaladas en su obra notarial venció el 1 de julio de 2015, sin ésta haber comparecido.

En respuesta a la comparecencia de la ODIN, el 13 de julio de 2015, la licenciada López Castro compareció ante nos, mediante una "*Moción Informativa y en Solicitud de Reinspección*", en la que nos informó que se encuentra litigando un pleito de cobro de dinero, y por lo tanto, solicitaba que este Tribunal ordenara una inspección para finales del mes de julio, o el 11 de agosto de ese mismo año. Evaluados los planteamientos de la licenciada López Castro, emitimos una Orden dirigida a la ODIN en la que le concedimos un término de diez (10) días para expresarse sobre la moción presentada por la letrada.

Cumpliendo con lo ordenado, la ODIN compareció ante nos. Al así hacerlo, reiteró el incumplimiento de nuestras órdenes por parte de la licenciada López Castro y solicitó que se refiriera el asunto de la deficiencia arancelaria

al procedimiento de desacato ante el Tribunal de Primera Instancia.

Evaluado el referido escrito, así como la "*Réplica a la Moción de la Oficina de Inspección de Notarías*" presentada por la licenciada López Castro, el 26 de febrero de 2016 emitimos una *Resolución* mediante la cual le concedimos a esta última un término de (20) días para que mostrara causa por la cual no se debía conceder lo solicitado por la ODIN. Oportunamente, la licenciada López Castro compareció y nos indicó que tuvo dificultades consiguiendo los sellos necesarios para subsanar las deficiencias, que la crisis económica la había afectado y que se encontraba litigando pleitos de cobro de dinero por gestiones profesionales realizadas, con el fin de subsanar las deficiencias.

Posteriormente, la ODIN presentó un nuevo escrito reiterando el incumplimiento de la licenciada López Castro con las órdenes de esta Curia. A dicho escrito, la letrada reaccionó.

Evaluados los referidos escritos, el 13 de mayo de 2016 emitimos una *Resolución* mediante la cual le concedimos a la licenciada López Castro un término improrrogable de sesenta (60) días para subsanar las deficiencias de su obra notarial. Se le apercibió, además, que incumplir con la referida orden pudiera conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la abogacía y la notaría.

El 18 de julio de 2016, la licenciada López Castro
compareció ante nos mediante un "*Escrito Informando Status
de Obra Notarial*". En dicho escrito, informó que estaría
presentando ante la ODIN cuatro (4) Tomos que faltaban por
inspeccionar, y además, solicitó un término adicional de
veinte (20) días para completar totalmente con la
subsanación de las deficiencias.

Enterados de ello, el 15 de septiembre de 2016
emitimos una *Resolución* mediante la cual ordenamos la
incautación inmediata del sello y de la obra notarial de
la licenciada López Castro. Además, le concedimos a ésta
un término final e improrrogable de treinta (30) días para
que cancelara los sellos adeudados. Por último, le
apercibimos que su incumplimiento con nuestras ordenes
conllevaría la imposición de sanciones disciplinarias
severas, incluyendo la suspensión inmediata del ejercicio
de la abogacía y la imposición de una sanción de $500.00
al amparo del Art. 62 de la Ley Notarial, 4 LPRA sec.
2102.[1] La licenciada López Castro, nuevamente, incumplió
con lo ordenado.

Ante estas circunstancias, la ODIN compareció ante
nos mediante un escrito titulado "*Moción Notificando
Incumplimiento de Orden y en Solicitud de Remedios*", en la

---

[1] El Juez Asociado señor Rivera García disintió con expresiones e hizo
constar que hubiese suspendido inmediatamente a la licenciada López
Castro del ejercicio de la notaría y le hubiese concedido un término
perentorio de 30 días para que subsanara las deficiencias señaladas,
bajo el apercibimiento de que su incumplimiento pudiera acarrear
sanciones disciplinarias más severas como la suspensión de la
abogacía. Además, le hubiese advertido que de no acatar la orden se
hubiese referido al Departamento de Justicia para la investigación
correspondiente.

que nos reiteró que el término que este Tribunal le concedió a la licenciada López Castro para subsanar las deficiencias en su obra notarial culminó el 17 de octubre de 2016, sin que esta hubiese cumplido con lo ordenado. La ODIN hizo constar, además, que la letrada aún mantenía una deuda arancelaria ascendente a $32,448.00.

En respuesta a lo informado por la ODIN, la licenciada López Castro compareció ante nos, mediante una réplica al escrito presentado por la ODIN, y nos informó que se encontraba trabajando para cumplir con lo ordenado, pero que por diversas situaciones económicas y de salud, no había culminado la subsanación de las deficiencias. Además, recalcó que debido a que este Tribunal incautó su sello notarial, ésta se ha visto impedida de trabajar.

Así pues, mediante *Resolución* del 16 de diciembre de 2016, ordenamos a la licenciada López Castro a coordinar una cita con la ODIN para llevar a cabo la re inspección de su obra notarial dentro de un término de treinta (30) días. Se le requirió, además, que en la misma reunión llevara y adhiriera los aranceles adeudados. Asimismo, solicitamos a la ODIN que, luego de llevada a cabo la reunión, presentara un informe sobre el estado de la obra notarial.

Cumpliendo con nuestra orden, el 20 de enero de 2017, la ODIN compareció ante este Tribunal y nos informó que en la reunión celebrada el lunes, 9 de enero de 2017, la licenciada López Castro se comprometió a comparecer el

viernes, 13 de enero de 2017, para cancelar los aranceles de uno de los Tomos del Libro de Registro de Testimonios pendiente de aprobación, mas no expresó nada adicional sobre los otros tres (3) Tomos. Sin embargo, la letrada no compareció a la reunión acordada y tampoco se comunicó con la ODIN para excusarse. Del referido escrito de la ODIN surge que, a la fecha de presentación del mismo, aún subsistía una deficiencia arancelaria en los Tomos Quinto, Séptimo, Octavo y Noveno del Libro de Registro de Testimonios de la letrada, por la cantidad de $32,448.00.

El 7 de febrero de 2017 la letrada compareció ante nos, mediante su representación legal, en un escrito titulado "*Réplica a Informe de la Oficina de Inspección de Notarías*", en la que nos informó que si bien aún faltan cuatro Tomos del Libro de Registro de Testimonios por aprobar, la letrada se había esforzado para subsanar las deficiencias arancelarias señaladas. No obstante, al día de hoy, la licenciada López Castro no ha cumplido con los requerimientos de la ODIN, ni con nuestras órdenes.

Es, precisamente, a la luz del cuadro fáctico y procesal antes expuesto que procedemos a disponer del caso ante nos.

II.

Como es sabido, a través de los años, hemos sido enfáticos en el deber que tienen los abogados y las abogadas de responder con diligencia a los requerimientos

de la ODIN y de este Tribunal. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Salas González*, 193 DPR 387 (2015); *In re Arroyo Rivera*, 182 DPR 732, (2011). Incumplir con dicha obligación y, por ende, desatender los requerimientos de la ODIN y las órdenes de este Tribunal, constituye un serio desafío a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, *supra*. *In re Núñez Vázquez,* 2017 TSPR 30 (197 DPR ___); *In re Pestaña Segovia, 192 DPR 485 (2015)*; *In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005).

Así pues, hemos sostenido que los notarios y las notarias, una vez se le señalan faltas en su obra notarial, tienen el deber de subsanarlas y de concertar una próxima cita con la ODIN para la re inspección de sus protocolos. *In re Amiama Laguardia*, 2016 TSPR 231 (196 DPR ___); *In re Ortiz Soto*, 2016 TSPR 226 (196 DPR___); *In re Román Jiménez*, 161 DPR 727, 733 (2004). En esa dirección hemos expresado que, "*ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact[e] para verificar si se corrigen adecuadamente los señalamientos que se efectúen, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio*". *Íd.* Todo lo contrario, es deber del abogado o abogada coordinar las reuniones necesarias con ODIN para que se finalice el proceso de subsanación una vez se han identificado faltas en su obra notarial. *In re Vázquez González*, 194 DPR 688

(2016); *In re García Aguirre*, 190 DPR 539 (2014); *In re Padilla Santiago*, 190 DPR 535 (2014).

Cónsono con ello, hemos expresado que no toleraremos la actitud de indiferencia por parte de un miembro de la profesión a los requerimientos de la ODIN o a nuestras órdenes. *In re García Aguirre*, 190 DPR 539 (2014); *In re López González*, 189 DPR 581 (2013). En ese sentido, cuando un abogado o abogada ignora los requerimientos de la ODIN y de este Tribunal, procede la suspensión inmediata e indefinida del ejercicio de la profesión. *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013); *In re Arroyo Rivera*, 182 DPR 732 (2011); *In re Montalvo Guzmán*, 169 DPR 847 (2007).

Es pues, a la luz del marco jurídico antes expuesto, que procedemos a disponer del proceso disciplinario ante nuestra consideración.

III.

En el presente caso, el 30 de junio de 2014, la licenciada Nidia Miranda Graterole, Inspectora de Protocolos y Notarías, rindió un informe sobre la inspección de la obra notarial de la licenciada López Castro. En el mismo, se detallaron las deficiencias que se encontraron en su obra notarial, en particular, una deuda arancelaria por las cantidades iniciales de $61,062.00 en su Libro de Registro de Testimonios en sellos a favor de la Sociedad para la Asistencia Legal, y otra ascendente a

$2,464.50 en los Tomos de los Protocolos para los años 2005, 2006, 2008, 2010, 2011, 2012 y 2013.

Por un periodo de aproximadamente tres (3) años, -- recordemos que este proceso de subsanación de obra notarial comenzó allá para junio de 2014 -- tanto la ODIN, como este Tribunal, le hemos dado innumerables oportunidades a la licenciada López Castro para que corregir sus errores. No obstante, la letrada ha demostrado dejadez y ha incumplido, en innumerables ocasiones, con los términos provistos y con las órdenes emitidas por este Tribunal y, al día de hoy, mantiene la deuda arancelaria notificada, lo que constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión.

En vista de lo anterior, se suspende inmediata e indefinidamente a la licenciada María del Carmen López Castro del ejercicio de la abogacía y la notaría. De igual forma, se refiere a la letrada al Departamento de Justicia para la investigación de rigor sobre la deuda arancelaria.

Se le impone a la licenciada López Castro el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del

término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María del Carmen López Castro        TS-13,281

SENTENCIA

En San Juan, Puerto Rico, a 4 de abril de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la licenciada María del Carmen López Castro del ejercicio de la abogacía y la notaría. De igual forma, se refiere a la letrada al Departamento de Justicia para la investigación de rigor sobre la deuda arancelaria.

Se le impone a la licenciada López Castro el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo de Puerto Rico.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo