EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2024 TSPR 49 |
|---|---|
| Miguel García Suárez | 213 DPR ___ |

Número del Caso: TS-2,984


Fecha: 15 de mayo de 2024


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por incumplir con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Miguel García Suárez          TS-2,984

*PER CURIAM*

En San Juan, Puerto Rico, a 15 de mayo de 2024.

Nuevamente, nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un integrante de la profesión legal que ha desplegado displicencia hacia las órdenes que este Tribunal ha emitido. En esta ocasión, intervenimos disciplinariamente con el Lcdo. Miguel García Suárez por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos más adelante, decretamos la suspensión inmediata e indefinida del letrado de la práctica de la notaría.

Veamos los hechos que motivan nuestra determinación.

**I**

El Lcdo. Miguel García Suárez (licenciado García Suárez) fue admitido al ejercicio de la abogacía en 1967 y el año siguiente al de la notaría.

En lo pertinente, esta incidencia disciplinaria inició con un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios* (*Informe especial*) que presentó la Oficina de Inspección de Notarías (ODIN) el 16 de junio de 2023. La ODIN relató varios trámites que se realizaron en torno a la inspección de la obra protocolar del licenciado García Suárez. En particular, expresó que el 1 de diciembre de 2022 se le notificó al licenciado García Suárez que se estaría efectuando un proceso de inspección ordinaria de su obra protocolar de los años naturales 2015 al 2021 y de su Libro de Registro de Testimonios.

El 16 de diciembre de 2022 la Lcda. Magda Girod Clavell, Inspectora de Protocolos y Notarías (Inspectora de Protocolos), acudió a la sede notarial del licenciado García Suárez. Este le informó a la Inspectora de Protocolos que entregaría la obra autorizada para los años naturales 2015 (un tomo); 2016 (un tomo); 2020 (55 instrumentos públicos sin encuadernar); 2021 (57 instrumentos públicos sin encuadernar), y los Volúmenes del Libro de Registro de Testimonios que detallaban las transacciones legitimadas en los Asientos Número 36,421 al 38,090. Cuando se le preguntó sobre los tomos del Protocolo formados en los años

naturales 2017, 2018 y 2019, el licenciado García Suárez indicó que los había extraviado.[1] Inmediatamente, la Inspectora de Protocolos le comunicó que debía notificar tal suceso tanto a la Jueza Presidenta como al Pleno de este Tribunal con el propósito de obtener la autorización de rigor al amparo de la Regla 58A del Reglamento Notarial para encaminar el proceso de reconstrucción de la obra protocolar extraviada.

Luego de concluir el proceso de examen inicial de la obra protocolar, la Inspectora de Protocolos remitió al licenciado García Suárez un *Informe de señalamientos preliminares*. Simultáneamente, acordaron celebrar la reunión de reinspección final para el martes, 21 de marzo de 2023. Ese día el licenciado García Suárez informó que, por problemas de salud, no había podido trabajar con la subsanación de su obra protocolar, incluyendo la cancelación de las deficiencias arancelarias identificadas.

Tras culminar con el proceso de inspección, la Inspectora de Protocolos remitió a la atención del Director de la ODIN un *Informe de deficiencias de la obra notarial del Lcdo. Miguel García Suárez [RUA 2984], a tenor con la Regla 77(m) del Reglamento Notarial* (*Informe de deficiencias*). El referido documento reseñó que los tomos del Protocolo de los años examinados no pudieron ser aprobados

---

[1] Según la ODIN constató en la plataforma de SIGNO Notarial, el licenciado García Suárez autorizó 10 instrumentos públicos en el 2017, 211 instrumentos públicos en el 2018 y 189 instrumentos públicos en el 2019. De este modo, totalizaban 410 los instrumentos públicos que no habían podido ser examinados.

por subsistir múltiples señalamientos sin corregir, incluyendo deficiencias arancelarias que preliminarmente ascendían a $2,796.50. Entre las múltiples deficiencias adicionales se encontraban: (a) 11 instrumentos públicos autorizados en el año natural 2021, los cuales eran copias simples de las escrituras otorgadas y no los documentos matrices; (b) instrumentos públicos carentes de los documentos complementarios que debían formar parte integral de la escritura matriz; (c) instrumentos públicos en los cuales no se acreditaba la facultad de la parte que comparecía en capacidad representativa; (d) instrumentos públicos cuyos negocios requerían ser ratificados por terceras personas, ya sea porque estas no comparecieron o porque se celebraron sin contar con los permisos gubernamentales para su autorización; (e) ausencia del texto de advertencias legales requeridas por la Ley Notarial o leyes especiales en los instrumentos públicos autorizados, entre otras.

Tras vencer el término que la ODIN le otorgó al licenciado García Suárez para que se expresara sobre el *Informe de deficiencias*, este compareció tardíamente y expresó que incumplió con el término toda vez que sufrió un percance de salud que le motivó a ausentarse de sus labores. Así las cosas, solicitó un término adicional de 15 días para reaccionar al *Informe de deficiencias*. Este término se concedió y el licenciado García Suárez remitió su reacción. En lo pertinente, informó que: (a) no tenía objeciones al contenido del *Informe de deficiencias*; (b) había adquirido

los aranceles que debía cancelar en los tomos del Protocolo de los años 2015 y 2016; (c) las copias digitales de los instrumentos públicos que autorizó en los años naturales 2017 al 2019 no podían ser obtenidas hasta que finalizara un proceso de digitalización; (d) necesitaba tiempo adicional para expresarse en torno a los señalamientos hechos en el año natural 2020; (e) había localizado uno de los instrumentos públicos extraviados del tomo del año natural 2021; (f) había localizado el volumen del Libro de Registro de Testimonios que no fue originalmente examinado, y (g) que solicitaba tiempo adicional para terminar las correcciones o defectos señalados. La ODIN no concedió la solicitud de un término adicional.

El 11 de mayo de 2023 la Inspectora de Protocolos remitió a la atención del Director de la ODIN un *Informe actualizado de deficiencias.* Señaló que el licenciado García Suárez solo canceló las deficiencias arancelarias del tomo del Protocolo del 2015 por lo cual estas se hallaban preliminarmente reducidas a $2,290.00; que el notario no había encaminado el proceso de reconstrucción de la obra protocolar autorizada en los años naturales 2017, 2018 y 2019, y que subsistían todas las deficiencias sustantivas detalladas en su informe original.

Debido a estas circunstancias, en su *Informe especial* la ODIN señaló que se encontraban en riesgo poco más de **420 negocios jurídicos** autorizados por el notario, por estos

encontrarse extraviados.[2] Además, aseveró que había una cantidad sustancial de deficiencias sobre asuntos sustantivos y arancelarios en los protocolos que sí se pudieron revisar. Tales faltas no habían sido subsanadas por el licenciado García Suárez a pesar de múltiples términos que la ODIN le concedió. Más aún, la ODIN informó que no se habían podido examinar 69 instrumentos públicos y 28 instrumentos públicos autorizados por el licenciado García Suárez durante el año natural 2022 y el periodo de enero a mayo de 2023, respectivamente. Por último, el licenciado García Suárez se encontraba en incumplimiento con la presentación de Informes Estadísticos de Actividad Notarial Anual para los años naturales 2018, 2020, 2021 y 2022 en el programa SIGNO Notarial, así como la ausencia de evidencia acreditativa del pago de la fianza notarial del periodo que discurrió desde enero de 2018 al presente.

Por estas razones, la ODIN solicitó que: (a) ordenáramos la incautación de la obra protocolar y el sello notarial del licenciado García Suárez; (b) le concediéramos un término de 60 días para que (i) completara el proceso de subsanación de la obra protocolar formada en los años naturales 2015, 2016, 2020 y 2021; (ii) encaminara el proceso de reconstrucción de la obra protocolar autorizada en los años naturales 2017, 2018 y 2019; (iii) presentara la evidencia acreditativa del

---

[2] A los 410 instrumentos públicos extraviados que corresponden a los años 2017 al 2019 había que sumarle 11 instrumentos públicos de 2021, toda vez que el licenciado García Suárez contaba con las copias simples de estos, pero no con las escrituras matrices. **Esto totalizaba 421 instrumentos públicos que requerían ser reconstruidos.**

pago de su Fianza Notarial desde el año 2018 al presente; (iv) presentara los informes notariales adeudados a la ODIN; y (c) le apercibiéramos que su incumplimiento pudiera conllevar la imposición de sanciones disciplinarias, sin limitarse a su suspensión al ejercicio de la notaría, así como referir este asunto al proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan. **Este Tribunal concedió el petitorio de la ODIN, en su totalidad, mediante una Resolución de 29 de junio de 2023.**

Posteriormente, el 17 de agosto de 2023 el licenciado García Suárez remitió una carta a la Oficina de la Hon. Maite D. Oronoz Rodríguez, Jueza Presidenta de este Tribunal, en la que notificó formalmente lo que ocurrió con los protocolos extraviados de 2017 a 2019. Además, presentó una escrito ante esta Curia en el que solicitó autorización para proceder con la reconstrucción de estos protocolos.

En respuesta, la ODIN expuso que el licenciado García Suárez no solo debía reconstruir los protocolos de 2017 a 2019, sino también el de 2021, dado que hizo entrega de copias simples —en vez de las escrituras matrices— de documentos autorizados durante ese año.

Mediante una Resolución de 29 de septiembre de 2023, concedimos al licenciado García Suárez un término de 120 días para que reconstruyera los protocolos correspondientes a los años 2017, 2018, 2019 y 2021. Además, ordenamos tanto a la ODIN como a este a que nos mantuvieran informados sobre este

trámite y sobre el de la subsanación.[3]

El 30 de enero de 2024 la ODIN presentó una *Moción notificando incumplimiento de orden*. A grandes rasgos, informó que el licenciado García Suárez no cumplió con nuestra Resolución de 29 de septiembre de 2023, toda vez que no se comunicó con funcionario alguno de esta dependencia para no solo encaminar el proceso de reconstrucción de su obra protocolar extraviada, sino también para atender las deficiencias que se identificaron en la obra notarial incautada. En consecuencia, la ODIN solicitó que tomáramos conocimiento de que el licenciado García Suárez no había cumplido con nuestras resoluciones de 29 de septiembre y 27 de octubre de 2023; que decretáramos su suspensión inmediata e indefinida de la práctica de la notaría, y que refiriéramos el incumplimiento de nuestras órdenes a la atención del Tribunal de Primera Instancia, para la celebración de proceso correspondiente de desacato civil.

---

[3] También le apercibimos de que su incumplimiento con las órdenes de este Tribunal, incluyendo aquellas sobre la reconstrucción y subsanación de su obra protocolar, pudiera conllevar la imposición de sanciones severas, sin limitarse a su suspensión del ejercicio de la notaría.

Posteriormente, el 3 de octubre de 2023 el licenciado García Suárez presentó una *Moción informativa y solicitando remedio*. Solicitó la devolución de su sello notarial y del libro de testimonios. Explicó que necesitaba continuar con la operación de su oficina para poder sufragar los gastos relacionados con la reconstrucción ordenada.

La ODIN compareció e indicó que la solicitud del licenciado García Suárez era prematura e inoportuna. Sostuvo que conceder tal petición establecería un precedente no deseado. Solicitó que le apercibiéramos de su obligación de cumplir con la Resolución del 29 de septiembre de 2023.

El 27 de octubre de 2023 emitimos una Resolución en la que denegamos la devolución del sello notarial y del Libro de Registro de Testimonios y apercibimos al licenciado García Suárez de su obligación de cumplir con la Resolución del 29 de septiembre de 2023.

El 1 de abril de 2024 el licenciado García Suárez reaccionó, aunque tardíamente,[4] a los planteamientos de la ODIN. Indicó que completó más del 93% de la reconstrucción de los protocolos de los años 2017, 2018, 2019 y 2021. No obstante, solicitó la devolución de los protocolos que la ODIN incautó para completar la subsanación. Además, expresó que no había localizado algunas actas correspondientes a los protocolos del 2018 y 2019. Solicitó que, tras devolvérsele los protocolos incautados, se le concediera un término adicional para completar la subsanación.

Finalmente, el 2 de abril de 2024 la ODIN presentó un escrito en el que refutó los planteamientos del licenciado García Suárez. Primero, expuso que, al comparecer el 1 de abril de 2024, el licenciado García Suárez lo hizo tardíamente e incumpliendo nuevamente una orden de este Tribunal. Segundo, aludió a que, independientemente de la fecha en que esta Curia ordenó la reconstrucción de la obra protocolar extraviada, **desde diciembre de 2022** la Inspectora de Protocolos orientó al licenciado García Suárez sobre la obligación que le imponía la Ley Notarial y su Reglamento de ejecutar tal trámite. Tercero, manifestó que desconocía lo

---

[4] Tras la comparecencia de la ODIN de 30 de enero de 2024, el 8 de febrero de 2024 emitimos una Resolución en la que concedimos al licenciado García Suárez un término de 10 días para que mostrara causa por la cual no debíamos separarlo de manera inmediata e indefinida del ejercicio de la notaría por incumplir con los requerimientos de la referida dependencia. El licenciado compareció el 20 de febrero de 2024 y expresó que no había recibido la moción de la ODIN. A tal efecto, el 6 de marzo de 2024 emitimos otra Resolución —**que se le notificó personalmente el 8 de marzo de 2024**— en la que reiteramos nuestra orden de mostrar causa —con el mismo término de 10 días— y en la que se adjuntó copia de la moción de la ODIN.

que expresó el licenciado García Suárez en cuanto a que este había completado el 93% de proceso de reconstrucción de su obra. A pesar de esto, la ODIN aseveró que este omitía brindar la información siguiente: (a) el detalle específico de los instrumentos públicos que había reconstruido; (b) el detalle específico de los instrumentos que le restaban por reconstruir; (c) las acciones afirmativas que encaminó para reconstruir la obra, y (d) exponer las razones por las cuales no se había comunicado con la ODIN para encaminar el proceso de examen de la obra que, según alega, había reconstruido.

Por otro lado, y, en cuarto lugar, la ODIN puntualizó el desconocimiento del licenciado García Suárez sobre el alcance y los efectos de un proceso de incautación de la obra protocolar que decreta este Foro. Cuando esto ocurre, la obra incautada es custodiada en los archivos notariales y es improcedente la devolución de esta. Le corresponde al notario, con el propósito de atender las deficiencias que se identificaron en su obra, coordinar con el Inspector de Protocolos a cargo del proceso las visitas al archivo notarial para encausar el trámite. En este caso, según la ODIN, el licenciado García Suárez no había sostenido ninguna comunicación con funcionario alguno de la ODIN.[5]

Por último, y, en quinto lugar, la ODIN afirmó que el licenciado García Suárez

---

[5] Según información que la ODIN obtuvo de la Inspectora de Protocolos a cargo del proceso, desde la última visita que esta realizó al licenciado García Suarez en su sede notarial el **21 de marzo de 2023**, este no se había comunicado con ella ni con funcionario alguno de la ODIN.

no p[odía] pretender que en esta etapa le conf[irieran] una nueva prórroga no solo para atender el proceso de reconstrucción de la obra notarial que no pudo ser incautada, sino también el proceso de subsanación de aquellos instrumentos que fueron examinados por la Inspectora de Protocolos, bajo sus términos y condiciones. [E]l licenciado García Suárez pretende que est[e] [Tribunal] se aparte de los postulados esbozados en la Ley Notarial y su Reglamento para que, de manera acomodaticia, pueda cumplir con las órdenes dictadas por esta [Curia].[6]

Por estas razones, la ODIN nos peticionó que: (a) denegáramos la prórroga que solicitó el licenciado García Suárez; (b) decretáramos su suspensión inmediata e indefinida del ejercicio de la notaría; (c) le apercibiéramos de que debía atenerse a lo dispuesto en la Ley Notarial y su Reglamento para cumplir con el proceso de reconstrucción de la obra notarial que no fue incautada y de la subsanación de aquella que pudo ser incautada, y (d) refiriéramos el incumplimiento de nuestras órdenes a la atención del Tribunal de Primera Instancia, para la celebración del proceso correspondiente de desacato civil.[7]

Tras delinear el trasfondo fáctico, exponemos a continuación el marco legal aplicable.

## II

El Código de Ética Profesional particulariza las normas mínimas de conducta que los letrados y las letradas deben exhibir en el desempeño de sus funciones. In re Cuevas Vélez,

---

[6] *Reacción a escrito intitulado Moción en cumplimiento de orden y reiterando solicitud de remedios*, pág. 4.
[7] El licenciado García Suárez no compareció a expresarse en cuanto a este escrito de la ODIN.

2023 TSPR 133, 213 DPR ___ (2023); In re Maldonado Nieves, 2023 TSPR 123, 213 DPR ___ (2023); In re Torres Rivera, 2022 TSPR 107, 209 DPR ___ (2022). Véase también: In re Candelario Lajara I, 197 DPR 722, 725 (2017). En específico, el Canon 9 del Código de Ética Profesional establece que todo abogado y abogada "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. De ese principio se desprende el deber de los abogados y las abogadas de responder diligentemente a las órdenes y los requerimientos de este Tribunal. In re Díaz Vanga, 2024 TSPR 1, 213 DPR ___ (2024); In re Wilamo Guzmán, 2023 TSPR 61, 212 DPR __ (2023); In re Bauzá Tirado, 211 DPR 633, 635 (2023). Véase también: In re Vázquez González, 194 DPR 688, 695 (2016); In re Salas González, 193 DPR 387, 392-393 (2015); In re García Aguirre, 190 DPR 539, 544 (2014). Esa obligación se extiende, además, a los señalamientos y requerimientos de la ODIN. In re Bermúdez Tejero, 206 DPR 86, 94 (2021); In re Malavé Haddock, 207 DPR 573, 582 (2021). Véase también: In re Cruz Liciaga, 198 DPR 828, 835 (2017); In re Vázquez González, supra, pág. 695. Eso se debe a que los requerimientos de la ODIN son análogos a las órdenes de este Foro. In re Pratts Barbarossa, 199 DPR 594, 599 (2018); In re Núñez Vázquez, 197 DPR 506, 513 (2017). Así pues, desatender los requerimientos de la ODIN tiene el mismo efecto que desatender una orden que emita este Tribunal. In re Núñez Vázquez, supra, pág. 513.

Como parte del deber de atender los señalamientos de la ODIN, los notarios y las notarias tienen la obligación de subsanar las faltas en su obra notarial una vez se le señalan. In re López Castro, 197 DPR, 819, 827 (2017). Además, deben concertar una cita próxima con la ODIN para la reinspección de sus protocolos. Íd. No pueden asumir una actitud pasiva y esperar que la ODIN los contacte para corroborar si los señalamientos se corrigen adecuadamente. Íd. Por el contrario, una vez se han identificado faltas en su obra notarial, los notarios y las notarias tienen que coordinar con la ODIN las reuniones necesarias para finalizar el proceso de subsanación. Íd. Cabe destacar que la ODIN tiene la labor de fiscalizar que la notaría se ejerza en conformidad con las disposiciones de la Ley Notarial de Puerto Rico y el Reglamento Notarial. In re Vázquez González, *supra*, pág. 697. Para cumplir con esa labor, la ODIN realiza esfuerzos considerables para atender, junto con los notarios y las notarias, las faltas que se identifican en las obras notariales. Cuando los y las profesionales de la notaría rehúyen los señalamientos de faltas y su corrección, ponen en jaque el ejercicio del deber fiscalizador de la ODIN. Íd. Además, transgreden su deber de respeto hacia los requerimientos y señalamientos de ese ente.

Según puntualizamos previamente, "los abogados [y las abogadas] tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes y los requerimientos del ente mencionado". In re Monroig Pomales,

203 DPR 209, 307 (2019). Por consiguiente, la actitud de indiferencia por parte de un miembro de la profesión legal ante los requerimientos de la ODIN y las órdenes de este Tribunal es intolerable. In re López Castro, supra, pág. 827; In re García Aguirre, *supra*, pág. 545. Constituye un desafío serio a la autoridad de este Foro y una violación del Canon 9 del Código de Ética Profesional, *supra*. In re Espino Valcárcel, 199 DPR 761, 767 (2018). Es por ello por lo que "hemos sancionado rigurosamente la actitud de los abogados y las abogadas que se caracteriza por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos". In re Núñez Vázquez, *supra*, pág. 513. Así, "procede la suspensión del ejercicio de la abogacía o de la notaría cuando se desatienden los requerimientos formulados por este Tribunal y se muestra indiferencia ante nuestros apercibimientos de imponer sanciones". Íd.

**III**

Los hechos relatados al principio de esta *Opinión Per Curiam* develan, sin duda, la falta de cooperación y la conducta displicente que ha desplegado el licenciado García Suárez hacia los requerimientos de la ODIN y las órdenes de este Tribunal. Esto ocurrió sin justificación válida alguna. Este ha rehuido su obligación de subsanar y reconstruir su obra protocolar, lo que ha entorpecido la labor de la ODIN. Incluso, ha hecho requerimientos que son incompatibles con este procedimiento, tales como la devolución de lo que se le incautó por su desatención a las deficiencias que se

identificaron. La postura que ha asumido el licenciado García Suárez es simple y llanamente **intolerable. Procede, inexorablemente, que lo separemos del ejercicio de la notaría de manera inmediata e indefinida.**

## IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría del Lcdo. Miguel García Suárez.

En virtud de esta suspensión, la fianza que garantiza las funciones notariales del licenciado García Suárez queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otro lado, se refiere al licenciado García Suárez a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por último, se le apercibe de que debe atenerse a lo dispuesto en la Ley Notarial y su Reglamento para cumplir con el proceso de reconstrucción de su obra notarial que no se incautó y de la subsanación de aquello que se incautó.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Miguel García Suárez            TS-2,984

SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría del Lcdo. Miguel García Suárez.

En virtud de esta suspensión, la fianza que garantiza las funciones notariales del licenciado García Suárez queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otro lado, se refiere al licenciado García Suárez a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por último, se le apercibe de que debe atenerse a lo dispuesto en la Ley Notarial y su Reglamento para cumplir con el proceso de reconstrucción de su obra notarial que no se incautó y de la subsanación de aquello que se incautó.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo