EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Javier Pérez Rojas | 2024 TSPR 71 <br><br> 213 DPR ___ |

Número del Caso:  TS-9,428

Fecha:  26 de junio de 2024

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

Representante legal de Javier Pérez Rojas:

      Lcda. Daisy Calcaño López

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por infringir el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Pérez Rojas                    TS-9,428


PER CURIAM

En San Juan, Puerto Rico, a 26 de junio de 2024.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la profesión jurídica que ha exhibido un patrón de incumplimiento craso con nuestras órdenes. En esta ocasión, concluimos que el Lcdo. Javier Pérez Rojas quebrantó el Canon 9 del Código de Ética Profesional, <u>infra</u>. En consecuencia, ordenamos su suspensión inmediata e indefinida del ejercicio de la abogacía y lo referimos a un procedimiento de desacato.

I

El Lcdo. Javier Pérez Rojas fue admitido al ejercicio de la abogacía el 3 de enero de 1990 y a la práctica de la notaría el 31 de enero de 1990. El 18

de mayo de 2016, lo suspendimos inmediata e indefinidamente del ejercicio de la abogacía por desobedecer nuestras órdenes y no contestar una queja disciplinaria. In re Pérez Rojas, 195 DPR 571 (2016). Posteriormente, el 18 de mayo de 2018 concedimos su reinstalación al ejercicio de la abogacía y ordenamos la reactivación de cuatro quejas pendientes en su expediente disciplinario.

El 21 de noviembre de 2023, tras adjudicar la querella CP-2019-0004, suspendimos al licenciado Pérez Rojas del ejercicio de la abogacía y la notaría por un término de treinta días. In re Javier Pérez Rojas, 2023 TSPR 139, 213 DPR ___ (2023). En esta ocasión, la suspensión respondió al incumplimiento del abogado con nuestra orden de notificar a sus clientes sobre el dictamen disciplinario que recayó en su contra en 2016. En concreto, concluimos que durante el periodo de suspensión del licenciado Pérez Rojas en 2016, este representaba a unos clientes en un caso ante el Tribunal de Primera Instancia y desatendió la causa sin notificarles que había sido suspendido.

Ahora bien, producto de la suspensión decretada el 21 de noviembre de 2023, ordenamos la incautación de la obra protocolar que custodiaba el letrado, para ser entregada al Director de la Oficina de Inspección de Notarías (ODIN).

Consecuentemente, el 19 de diciembre de 2023 ODIN presentó un *Informe sobre el estado de la obra notarial incautada*. Allí, notificó que la obra reflejaba múltiples deficiencias, entre ellas: omisión de cancelar sellos

arancelarios, protocolos sin encuadernar, además de errores y omisiones relacionadas con formalidades requeridas en distintos instrumentos públicos.

Visto el informe de ODIN, el 29 de diciembre de 2023 le concedimos al licenciado Pérez Rojas un término de 60 días para encaminar el proceso de subsanación de la obra protocolar. De igual modo, le ordenamos contratar los servicios de un notario para subsanar o ratificar los negocios jurídicos ineficaces en su obra protocolar y atender otros señalamientos.

Entretanto, el 2 de enero de 2024 el licenciado Pérez Rojas solicitó reinstalación al ejercicio de la abogacía. En respuesta, el 30 de enero de 2024, el Tribunal concedió la reinstalación. Posteriormente, el 5 de marzo de 2024 recibimos por parte de ODIN una *Moción notificando incumplimiento de orden*. En esta, nos informó que había vencido el término concedido al licenciado Pérez Rojas para encaminar el proceso de subsanación y que, salvo la cancelación de una deficiencia arancelaria de $17.00, el estado de la obra notarial permanecía igual. Además, ODIN expresó que el letrado no se había comunicado con ningún funcionario para coordinar el proceso de subsanación de la obra custodiada por la mencionada dependencia.

Así las cosas, el 27 de marzo de 2024 emitimos una Resolución en la cual le concedimos al licenciado Pérez Rojas un término final e improrrogable de 20 días para cumplir con lo ordenado el 29 de diciembre de 2023, respecto a la

subsanación de la obra notarial. A su vez, le apercibimos que, de incumplir, se expondría a sanciones severas como la suspensión del ejercicio de la abogacía y el referido del asunto al Tribunal de Primera Instancia para un proceso de desacato.

A pesar de lo anterior, el letrado incumplió una vez más con nuestras órdenes. Consecuentemente, ODIN compareció nuevamente y recomendó que se refiriera el asunto al Tribunal de Primera Instancia para la iniciación de un proceso de desacato. Además de lo anterior, recomendó que determináramos si procedían otras medidas disciplinarias en atención al patrón de incumplimiento.

II

El Código de Ética Profesional preceptúa las normas mínimas de conducta que deben regir las actuaciones de los miembros de la clase togada en el desempeño de sus funciones. In re García Suárez, 2024 TSPR 49, 213 DPR __ (2024). In re Cuevas Vélez, 2023 TSPR 133, 213 DPR ___ (2023); In re García Pérez, 211 DPR 638 (2023). En concreto, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, establece que los abogados deben observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. In re Díaz Vanga, 2024 TSPR 1, 213 DPR ___ (2024); In re Wilamo Guzmán, 212 DPR 104 (2023); In re Torres Trinidad, 211 DPR 65 (2023). In re Malavé León, 211 DPR 971 (2023); In re González Ruiz, 211 DPR 943 (2023).

Conforme a lo anterior, hemos enfatizado el deber ineludible que tiene todo abogado de cumplir con prontitud y celeridad las órdenes del Tribunal, particularmente cuando se trata de procesos disciplinarios. In re Colón Olivo, 211 DPR 55 (2023); In re Bauzá Tirado, 211 DPR 633 (2023). "[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017).

Hemos sido firmes al recalcar que la desatención reiterada a nuestras órdenes constituye una afrenta a la autoridad de los tribunales y, a su vez, configura una transgresión del Canon 9 de Ética Profesional, supra, que no puede ser tomada de forma liviana. In re Corretjer Roses, 208 DPR 1054 (2022).

De igual forma, hemos recalcado que desatender los requerimientos de ODIN equivale a desatender las órdenes de este Tribunal. In re Pratts Barbarossa, 199 DPR 594, 599 (2018); In re Núñez Vázquez, 197 DPR 506, 513 (2017). De ahí que, los notarios tienen la obligación de subsanar las faltas señaladas en su obra notarial. In re García Suárez, supra, pág. 7; In re López Castro, 197 DPR, 819 (2017).

Así pues, desplegar una actitud de indiferencia y menosprecio hacia nuestra autoridad constituye causa suficiente para la suspensión inmediata e indefinida de la

práctica de la abogacía y notaría. In re Pérez Fernández, 2024 TSPR 42, 213 DPR __ (2024); In re Ocasio Bravo, 209 DPR 1043 (2022); In re Joubert Lugo, 209 DPR 748 (2022).

## III

Los hechos reseñados revelan que el licenciado Pérez Rojas ha incurrido en un patrón severo de incumplimiento y desidia de cara a nuestras órdenes. A pesar de habérsele concedido múltiples oportunidades y prórrogas para cumplir con el proceso de subsanación de su obra protocolar, el letrado optó por desatender nuestros requerimientos. De hecho, el licenciado Pérez Rojas en ningún momento compareció ante nos, aún luego de haberle advertido que se exponía a sanciones disciplinarias severas tales como la suspensión del ejercicio de la abogacía y un referido al Tribunal de Primera Instancia. Su conducta denota un claro menosprecio a nuestra autoridad. De igual modo, el expediente revela que el abogado tiene un amplio historial de incumplimiento e indiferencia a nuestra potestad disciplinaria, lo que ha acarreado su suspensión en más de una ocasión.

No cabe duda de que la conducta del licenciado Pérez Rojas quebrantó los postulados del Canon 9 del Código de Ética Profesional, supra. Ante esta situación, nos vemos en la obligación de suspenderlo inmediata e indefinidamente del ejercicio de la abogacía. Asimismo, se le refiere a un procedimiento de desacato ante el Tribunal de Primera Instancia.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Javier Pérez Rojas. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluso una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Por otra parte, se refiere al señor Pérez Rojas a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Pérez Rojas por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Pérez Rojas                          TS-9,428

SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2024.

Por los fundamentos antes expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Javier Pérez Rojas. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluso una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Por otra parte, se refiere al señor Pérez Rojas a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Pérez Rojas por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo